# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KEITH OLSSON, by and through )
MINDI OLSSON, guardian and )
conservator for Keith Olsson, )
                                           )
                  Plaintiff, )
                                           )
v. )    Case No. 10-2465-CM-KGG
                                           )
AARON GROSS and )
THE SYGMA NETWORK, INC., )
                                           )
                 Defendants. )
_____ )

## MEMORANDUM AND ORDER

Presently before the Court is Plaintiff's "Motion for Reconsideration of Ruling Denying Request for Rule 35 Medical Examination" and supporting memorandum. (Docs. 35, 36.) Therein, Plaintiff requests that the Court reexamine its Memorandum and Order which, in part, denied Plaintiff's request for leave to name additional medical expert(s) relating to a head injury Defendant Aaron Gross sustained as a child. The portion Plaintiff asks to have reconsidered is this Court's denial of his request for a Rule 35 examination of Defendant Gross. For the reasons set forth below, Plaintiff's motion to reconsider (Doc. 35) is **DENIED**.

## BACKGROUND

Plaintiff initially filed this matter in the District Court of Wyandotte County, Kansas, on September 25, 2008, seeking damages for personal injuries resulting from an automobile collision in which his vehicle was allegedly hit by a truck driven by Defendant Gross, an employee of Defendant Sygma. Soon thereafter, the action was removed by Defendants to the United States District Court for the District for the District of Kansas, as Case No. 08-2567-CM (hereinafter referred to as "the initial action").

In Plaintiff's underlying motion, he contends that production of the medical history of individually-named Defendant Gross "was a point of contention between the parties." (Doc. 21, at 11.) He received a HIPAA compliant authorization for Gross's medical records on June 24, 2009 – approximately one week before Plaintiff's July 1, 2009, expert witness deadline in the initial action. Although Plaintiff contends he has requested Gross's medical records from "multiple providers," at the time of filing that motion, he had received the documents from only one facility. (Doc. 21, at 11.)

In the Order at issue (Doc. 33), the Court granted Plaintiff's motion for leave to designate as experts two individuals who assisted with the Rule 26(a) report from Plaintiff's forensic epidemiologist (accident reconstruction expert).

(*See* Doc. 20.) Also in that Order, the Court denied Plaintiff's request for leave to name additional medical expert(s) relating to a head injury Defendant Aaron Gross sustained as a child as well as his request for a Rule 35 examination of Defendant Gross. (Doc. 33, at 12-15.) The denial of a Rule 35 examination is the subject of Plaintiff's present motion.

## **DISCUSSION**

Whether to grant or deny a motion for reconsideration is committed to the Court's discretion. ***Youell v. Grimes,*** 168 F. Supp. 2d 1233, 1235 (D. Kan. 2001). Pursuant to D. Kan. Rule 7.3, reconsider should be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." *See also,* ***Comm. for the First Amendment v. Campbell***, 962 F.2d 1517, 1523 (10th Cir. 1992); ***Voelkel v. Gen. Motors Corp.***, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484, 1994 WL 708220 (Table) (10th Cir. 1994).

Plaintiff now argues that reconsideration of this Court's denial of his request for a Rule 35 examination is appropriate because he "made no formal request" for a Rule 35 examination in the underlying motion and, as such, the issue "was not properly in front of the Court and not ripe for adjudication." (Doc. 36, at 2.) Given the circumstances, Plaintiff's is requesting the correction

of clear error/prevention of manifest injustice. *See* D. Kan. Rule 7.3. In the underlying motion, however, Plaintiff specifically stated that because he

> was unapprised of the contents of Defendant Gross's medical records at the time of initially disclosing expert witnesses, he now has good cause to warrant a re-disclosure of expert testimony on this issue. Further, additional expert witnesses may be necessary to discuss the nature and extent Defendant Gross's condition. Finally, the plaintiff should also be allowed to conduct a Rule 35 examination of Defendant Gross by an independent physician.

(Doc. 21, at 12.)

Defendant argues in response that, given the language in Plaintiff's underlying motion (*supra*), Plaintiff "placed his request [for the examination] squarely before the Court . . . ." (Doc. 37, at 1.) Defendant continues that

> [t]he ruling denying the request for a Rule 35 independent medical examination at issue does not constitute clear error nor cause manifest injustice and the Court's Order should not be reconsidered. The ruling is consistent with the Court's finding that plaintiff failed to establish good cause to modify the Scheduling Order and disclose additional medical experts on the issue of Gross' childhood head injury. Plaintiff seeks to get in through the back door that which he is not permitted to bring through the front door by way of Rule 26 expert testimony, with regard to Gross' childhood head injury. Therefore, for the Court to have granted plaintiff's request for a Rule 35 independent medical examination, when the Court determined expert medical testimony will not be

>permitted on that very issue, would have resulted in a wholly incongruous decision and would constitute clear error and cause manifest injustice to defendants.

(Doc. 37, at 3.)

The Court agrees with Defendant's assessment. Plaintiff's underlying motion unequivocally requested that he "should also be allowed to conduct a Rule 35 examination of Defendant Gross by an independent physician." (Doc. 21, at 12.) For the reasons discussed in its underlying Order (Doc. 33), the Court was justified in denying that specific request. "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel*, 846 F. Supp. at 1483. As such, Plaintiff's motion to reconsider (Doc. 36) is **DENIED**.[1]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 23rd day of June, 2011.

    s/ KENNETH G. GALE
KENNETH G. GALE
U.S. MAGISTRATE JUDGE

---

[1] The Court is equally unconvinced by Plaintiff's assertion that his position is lent "credence" because his motion "did not identify the medical examiner nor 'specify the time, place, manner, conditions, and scope of the examination'" in contravention of Fed.R.Civ.P. 35(a)(2). (Doc. 36, at 3-4.) As Defendant correctly asserts, the federal rule requires this information to be in the Order for a Rule 35 examination, not the motion requesting the exam.